## ABRAHAM v. WILSON, et ux.

No. 62-677-L.

Circuit Court, Duval County.

December 6, 1962.

Katz & Katz, Jacksonville, for plaintiff.

L. J. Shaw, Jr., Jacksonville, for defendants.

WILLIAM H. MANESS, Circuit Judge.

This cause came on to be heard upon defendants' motion for summary judgment filed July 10, 1962 and a similar motion filed on behalf of plaintiff November 8, 1962. Upon consideration of argument of counsel and all the pleadings, affidavits and depositions contained herein, this court is of the opinion that defendants' motion should be granted and that plaintiff's motion should be denied.

The complaint herein alleges a written contract between plaintiff and defendants dated April 14, 1961 by which plaintiff agreed to construct a dental office for defendants and defendants agreed to pay plaintiff therefor. The complaint further alleges that the total contract price of $15,660 was to be paid by the transfer of certain real estate by defendants to plaintiff in exchange for a credit of $7,000 and that plaintiff would secure for the defendants a mortgage loan on the property to be improved under the contract for the purpose of paying the cash balance of $8,660. Thereafter, it is alleged that defendants prevented the plaintiff from performing his obligations under the contract and on or about December 21, 1961 they notified plaintiff that they had engaged someone else to do the work.

By their amended answer, defendants deny that the alleged agreement, copy of which was attached to the complaint as exhibit A, "was to have any binding or legal effect until such time as the plaintiff should secure money to finance said building" and, further they asserted the failure of consideration by the plaintiff in that plaintiff completely failed to perform or tender performance under the alleged agreement.

In opposition to defendants' motion for summary judgment the plaintiff made and filed October 1, 1962, an affidavit asserting that the alleged contract "was not conditioned on the performance of same by plaintiff of the things therein set forth to be performed on his part within six months from the date of the said contract". The contract itself is silent both as to the time within which the work specified was to be undertaken and completed and also silent as to the method of financing the work. However, it is undisputed that none of the construction work had been performed and no labor and materials had been furnished by December 21, 1961 when defendants made other arrangements for the construction of their office building and so notified plaintiff. The deposition of plaintiff taken May 9, 1962 does show that after the contract was signed by the parties the plaintiff started negotiating for a loan; that both he individually and

a mortgage broker employed by him tried several places to secure a loan, both for construction purposes and for permanent mortgage financing; that there was an existing mortgage on the property on which the office building was to be constructed which was to be paid off from the proceeds of the construction loan; that although plaintiff denies there was any oral understanding other than the written contract when the agreement was initially entered into, he does admit that work pursuant to the agreement was to begin "when the money was obtained"; that plaintiff characterized the contract as "an open contract" under which the work would begin "upon the availability of money"; that plaintiff did secure a commitment for a permanent mortgage loan but had been unable to secure any firm commitment for a construction loan at the time defendants terminated the alleged agreement; that no money or payment was due from defendants to plaintiff until plaintiff produced the building, the money and turned over the title and the property on 24th Street. Despite any assertion of plaintiff to the contrary, the defendants' position on this motion for summary judgment is fully supported by all the testimony and evidence herein and any assertion that there is a genuine issue as to any material fact is conclusively rebutted as a matter of law by plaintiff's testimony which is so adequately summarized by plaintiff in the following question and answer thereto, to-wit —

"Q.  So everything was contingent upon securing this loan by you?

"A.  Yes."

Counsel for plaintiff argues with considerable vigor that before defendants could summarily and effectively terminate their obligations under the written agreement, which makes no mention of the time within which plaintiff must perform, defendants must first serve notice upon plaintiff of their intention to terminate their agreement if performance is not undertaken within a specified reasonable time and that such a notice was not given in this case. The authorities relied upon by counsel for plaintiff accurately state the law of Florida with respect to time for performance assuming the existence of an already binding agreement. However, the gist of the defense here asserted and on which defendants have moved for a summary judgment is that there was not in fact a binding contract between the parties hereto because of a condition precedent which was never fulfilled by plaintiff. Counsel for plaintiff would be correct if the financing had been duly arranged and work begun but not finished within a period of time pleasing to defendants. In that case defendants

would have been obligated to give a reasonable notice as suggested by plaintiff, in order to terminate their obligations.

Therefore, this court holds as a matter of law that there is no genuine issue as to any material fact necessary to support the defenses asserted by defendants and defendants are entitled to a judgment as a matter of law.

Accordingly, it is considered, ordered and adjudged that defendants' motion for summary final judgment should be, and the same is, hereby granted and plaintiff's said motion should be, and the same is, hereby denied and defendants shall go hence without day and recover of and from the plaintiff their costs herein to be taxed pursuant to motion therefor.